IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
JOHN C. BUEB,                  )
                               )
          Plaintiff,           )       8:07CV462
                               )
     v.                        )
                               )
C-H ENTERPRISES, INC., a       )       ORDER
Nebraska corporation; KOREA    )
INFRA-RED CORP.,               )
                               )
          Defendants.          )
_____)
```

This matter is before the Court on plaintiff's motion in limine to exclude expert testimony of Wandling and Finkle (Filing No. 45), plaintiff's motion to strike the affidavit of Wandling (Filing No. 54), defendants' motion in limine to exclude expert testimony of Hall (Filing No. 71), and plaintiff's motion to strike defendants' motion in limine to exclude expert testimony of Hall (Filing No. 82).  Upon review,

IT IS ORDERED:

1)  Plaintiff's motion to exclude expert testimony of Wandling is denied.  Upon review of Wandling's curriculum vitae and expert report, the Court finds Wandling is qualified to offer the challenged opinions and has provided a sufficient foundation for such opinions.  Plaintiff's motion to exclude Finkle from offering expert testimony about product warnings is granted.

Upon review of Finkle's curriculum vitae and expert report, the Court finds Finkle is not qualified to offer expert testimony about product warnings and has not provided a sufficient foundation for such opinions.

    2) Plaintiff's motion to strike Wandling's affidavit is denied.  The Court finds the substance of Wandling's affidavit was sufficiently and timely disclosed in Wandling's curriculum vitae.

    3) Defendants' motion to exclude the expert testimony of Hall is denied as untimely.  The Final Progression Order mandates that all motions challenging the qualifications of an expert or the admissibility of an expert's testimony under Rule 702 must be filed no later than November 3, 2008 (Filing No. 25). Defendants did not file their motion to exclude Hall's testimony until April 6, 2009, and therefore, the motion is untimely.

    4) Plaintiff's motion to strike defendants' motion in limine to exclude testimony of plaintiff's expert Hall is granted because defendants' motion was untimely.

    DATED this 14th day of May, 2009.

                      BY THE COURT:

                        /s/ Lyle E. Strom
                        _____
                        LYLE E. STROM, Senior Judge
                        United States District Court